NAXOS DIGITAL SERVICE US, INC.,
     Plaintiff,

v.

BEIJING KUKE MUSIC CO, LTD.,
     Defendant.

Case No. 3:24-cv-01194

Judge Waverly D. Crenshaw, Jr.
Magistrate Judge Luke A. Evans

## ORDER

Because the record in this action suggests that Plaintiff, Naxos Digital Service US, Inc., has not yet served Defendant, Beijing Kuke Music Co., Ltd., in accordance with Federal Rule of Civil Procedure 4 (Doc. No. 10), the Court ordered Plaintiff to file a notice on the status of service of process on February 25, 2025 (Doc. No. 12). Plaintiff's subsequent notice stated that service was completed by mail on December 23, 2024 in compliance with the parties' Digital Distribution Agreement (Doc. Nos. 1-1 and 13).[1] On March 6, 2025, the Court explicitly reserved the issue of adequate service and advised that "[i]t remains [Plaintiff's] obligation to take appropriate steps to advance the litigation, and the Court will not reset the initial case management conference [a third time] until [Plaintiff] files a motion asking the Court to do so" (Doc. No. 14). Plaintiff has not filed a motion to reset the initial case management conference or taken any other action in this matter for over a year. Plaintiff is now directed to show cause why the court should not dismiss this matter for want of prosecution under Federal Rule of Civil Procedure 41(b). Fed. R. Civ. P. 41(b).

---

[1]     According to Plaintiff, the Digital Distribution Agreement reflects the parties' agreement that "[s]ervice of process, summons, notice, or other document by mail [is] effective service of process for any suit, action or other proceeding brought in any such court" (Doc. No. 1-1 at p. 12).

Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362-63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363).

Accordingly, Plaintiff must SHOW CAUSE, no later than June 29, 2026, why the Court should not dismiss this action without prejudice for failure to prosecute. Additionally, Plaintiff is cautioned that failure to respond to this Order may result in dismissal.

It is so ORDERED.

_____
LUKE A. EVANS
United States Magistrate Judge